**EXHIBIT F**

**The New York Times**
nytimes.com

August 1, 2005

## Two Prosecutors Faulted Trials for Detainees

By NEIL A. LEWIS

WASHINGTON, July 31 - As the Pentagon was making its final preparations to begin war crimes trials against four detainees at Guantánamo Bay, Cuba, two senior prosecutors complained in confidential messages last year that the trial system had been secretly arranged to improve the chance of conviction and to deprive defendants of material that could prove their innocence.

The electronic messages, obtained by The New York Times, reveal a bitter dispute within the military legal community over the fairness of the system at a time when the Bush administration and the Pentagon were eager to have the military commissions, the first for the United States since the aftermath of World War II, be seen as just at home and abroad.

During the same time period, military defense lawyers were publicly criticizing the system, but senior officials dismissed their complaints and said they were contrived as part of the efforts to help their clients.

The defense lawyers' complaints and those of outside groups like the American Bar Association were, it is now clear, simultaneously being echoed in confidential messages by the two high-ranking prosecutors whose cases would, if anything, benefit from any slanting of the process.

In a separate e-mail message, the chief prosecutor flatly rejected the accusations by his subordinates. And a military review supported him.

Among the striking statements in the prosecutors' messages was an assertion by one that the chief prosecutor had told his subordinates that the members of the military commission that would try the first four defendants would be "handpicked" to ensure that all would be convicted.

The same officer, Capt. John Carr of the Air Force, also said in his message that he had been told that any exculpatory evidence - information that could help the detainees mount a defense in their cases - would probably exist only in the 10 percent of documents being withheld by the Central Intelligence Agency for security reasons.

Captain Carr's e-mail message also said that some evidence that at least one of the four defendants had been brutalized had been lost and that other evidence on the same issue had been withheld. The March 15, 2004, message was addressed to Col. Frederick L. Borch, the chief prosecutor who was the object of much of Captain Carr's criticism.

The second officer, Maj. Robert Preston, also of the Air Force, said in a March 11, 2004, message to another senior officer in the prosecutor's office that he could not in good conscience write a legal motion saying the proceedings would be "full and fair" when he knew they would not.

Brig. Gen. Thomas L. Hemingway of the Air Force, a senior adviser to the office running the war crimes trials who provided a response from the Defense Department, said that the e-mail messages had prompted a formal investigation by the Pentagon's inspector general that found no evidence to support the two officers' accusations of legal or ethical problems.

Colonel Borch, who has since retired from the military, sent his own e-mail message to Captain Carr and Major Preston on March 15, 2004, with copies to several other members of the prosecution team the same day, outlining his response.

In his message, Colonel Borch said he had great respect and admiration for Captain Carr and Major Preston. But their accusations, he said, were "monstrous lies." He did not, however, address any specifics, like stacking the panel.

"I am convinced to the depth of my soul that all of us on the prosecution team are truly dedicated to the mission of the office of military commissions," he wrote, "and that no one on the team has anything but the highest ethical principles."

Colonel Borch did not respond to telephone messages left at his home. Captain Carr, who has since been promoted to major, declined to comment when reached by telephone, as did Major Preston. Both Captain Carr and Major Preston left the prosecution team within weeks of their e-mail messages and remain on active duty.

General Hemingway said the assertions in the e-mail messages had been "taken very seriously and an investigation was conducted because of the allegations about potential violations of ethics and the law."

He said in an interview that the Defense Department's inspector general spent about two months investigating the accusations and reviewing the operations of the prosecutor's office. "It disclosed no evidence of any criminal misconduct, no evidence of any ethical violations, and no disciplinary action was taken against anybody," the general said. He also said that no evidence had been "tampered with, falsified or hidden."

General Hemingway declined to discuss any specifics of the two prosecutors' accusations, but he said he now believed that the problems underlying the complaints were "miscommunication, misunderstanding and personality conflicts." The inspector general's report has not been made public but was sent to the Pentagon's top civilian lawyer, he said.

Copies of the e-mail messages were provided to The Times by members of the armed forces who are critics of the military commission process. The documents' authenticity was independently confirmed by other military officials.

The Bush administration and the Pentagon have faced criticism about the legitimacy of the military commission procedures almost since the regulations describing them were announced in 2002.

The rules, which in essence constitute a new body of law distinct from military and civilian law, allow, for example, witnesses to testify anonymously for the prosecution. Also, any information may be admitted into evidence if the presiding officer judges it to be "probative to a reasonable person," a new standard far more favorable to the prosecution than anything in civilian law or military law. It is unclear whether information that may have been obtained under coercion or torture can be admissible.

The trials of the first four defendants began last August in a secure courtroom in a converted dental clinic at the naval base at Guantánamo. Before they could start in earnest, the trials were abruptly halted in November when a federal judge ruled they violated both military law and the United States' obligations to comply with the Geneva Conventions.

But a three-judge appeals court panel that included Judge John G. Roberts, President Bush's Supreme Court nominee, unanimously reversed that ruling on July 15.

Defense Department officials have said they plan to resume the trials in the next several weeks. They said they also planned soon to charge an additional eight detainees with war crimes.

The two trials expected to resume shortly are those of Salim Ahmed Hamdan, a Yemeni who was a driver in Afghanistan for Osama bin Laden; and David Hicks, an Australian who was captured in Afghanistan, where, prosecutors say, he had gone to fight for the Taliban government.

In his March 2004 message, Captain Carr told Colonel Borch that "you have repeatedly said to the office that the military panel will be handpicked and will not acquit these detainees and we only needed to worry about building a record for the review panel" and academicians who would pore over the record in years to come.

Captain Carr said in the message that the problems could not be dismissed as personality differences, as some had tried to depict them, but "may constitute dereliction of duty, false official statements or other criminal conduct."

He added that "the evidence does not indicate that our military and civilian leaders have been accurately informed of the state of our preparation, the true culpability of the accused or the sustainability of our efforts." The office, he said, was poised to "prosecute fairly low-level accused in a process that appears to be rigged."

He said that Colonel Borch also said that he was close to Maj. Gen. John D. Altenburg Jr., the retired officer who is in overall charge of the war crimes commissions, and that this would favor the prosecution.

General Altenburg selected the commission members, including the presiding officer, Col. Peter S. Brownback III, a longtime close friend of his. Defense lawyers objected to the presence of Colonel Brownback and some other officers, saying they had serious conflicts of interest. General Altenburg removed some of the other officers but allowed Colonel Brownback to remain.

In his electronic message, Captain Carr said the prosecution team had falsely stated to superiors that it had no evidence of torture of Ali Hamza Ahmed Sulayman al-Bahlul of Yemen. In addition, Captain Carr said the prosecution team had lost an F.B.I. document detailing an interview in which the detainee claimed he had been tortured and abused.

Major Preston, in his e-mail message of March 11, 2004, said that pressing ahead with the trials would be "a severe threat to the reputation of the military justice system and even a fraud on the American people."