*CLEARED FOR PUBLIC FILING BY THE CSO*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ABDUL HADI OMER MAHMOUD FARAJ,

    *Petitioner,*

    v.

GEORGE W. BUSH, *et al.,*

    *Respondents.*

Case No. 1:05CV01490 (PLF)

### PETITIONER'S MOTION TO STAY AND HOLD IN ABEYANCE

Petitioner respectfully moves this Court to continue the stay this matter and hold the case in abeyance, pending Petitioner's prosecution of a petition for relief under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 (the "DTA"), which Petitioner intends to file shortly in the United States Court of Appeals for the District of Columbia Circuit. Petitioner understands that other Guantanamo *habeas* petitioners have consulted with counsel for Respondents pursuant to Local Rule 7.1(m) regarding essentially identical motions, and counsel for Respondents have indicated that they oppose motions of this nature.

This matter has been stayed on the Respondents' motion since September 26, 2005, pending the outcome of the *Al-Odah/Boumediene* cases. Certiorari was denied in those cases on April 2, 2007. The DTA petition is being filed in light of the statement of Justices Stevens and Kennedy on the denial of certiorari regarding the exhaustion of available remedies under the DTA. *Boumediene v. Bush*, 2007 WL 957363 (U.S., Apr. 2, 2007). Entry of a "stay and abey" order while the DTA action is being litigated in the D.C. Circuit is sensible, since the DTA

litigation will provide Petitioner and this Court with requisite information regarding disputed

jurisdictional questions pending before this Court, and it may result in a remand to this Court or

render moot some or all of the claims pending before this Court.[1]

> **A.**    **Where A Federal *Habeas* Petition Has Been Filed, And A Potential Remedy Remains To Be Exhausted, The Supreme Court Has Approved – And Under Circumstances Present Here Required – The Procedure Of Entering An Order Staying The Federal *Habeas* Proceeding And Holding The Case In Abeyance While The Potential Remedy Is Exhausted.**

In *Rhines v. Weber*, 541 U.S. 269 (2005), the Supreme Court explicitly approved the

stay-and-abey procedure in the context of federal *habeas corpus* proceedings.  In that case, the

prisoner had filed a mixed *habeas* petition in federal court – one containing both claims

exhausted through the state court system and unexhausted claims.  Given the major procedural

risks of a dismissal order, the Supreme Court found that District Courts have discretion to enter

stay-and-abey orders in the federal *habeas* case while the unexhausted claims are presented to

the state court. The federal *habeas corpus* case is stayed and held in abeyance for a reasonable

time while available state remedies are exhausted.

The *Rhines* Court found three preconditions for, in effect, mandatory stay-and-abey.  The

Court explained that, in the absence of intentional dilatory tactics by the petitioner, "it would

likely be an abuse of discretion to deny a stay and to dismiss" a petition if the petitioner has good

---

[1] In this regard, it should be noted that, for reasons essentially similar to those set out in this motion, several petitioners before the D.C. Circuit in the combined *Al-Odah/Boumediene* cases have moved the Court of Appeals to withhold issuance of the mandate pending their exhaustion of DTA claims.  *See* Motion to Withhold Issuance of Mandate in *Abdah v. Bush*, Nos. 05-5115 and 5116, filed April 9, 2007.  The Government has also filed in the Court of Appeals, on March 22, 2007, a motion to vacate all the District Court orders, including the order of this Court in Petitioner's case (No. 06-5320), requiring 30-days advance notice of any proposed transfer and to dismiss the underlying *habeas* petitions.  On April 5, 2007, all petitioners moved for an extension of time to respond until April 20, 2007.  The petitioners' response to the Government's motion has thus not yet been filed in the Court of Appeals.

cause for the failure to exhaust and the unexhausted claims are potentially meritorious. *Rhines*,

544 U.S. at 278; *accord Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005).  The conditions

under which failure to stay-and-abey would constitute an abuse of discretion – no deliberate

delay, good cause, and potentially meritorious claims – are present in this case.

First, Petitioner has done nothing to delay this case. The stay that has kept his case

inactive, except for issues relating to access and attorney-client relations, resulted from the

Government's motion over eighteen months ago.   Unlike the death penalty cases that caused the

Supreme Court concern in *Rhines*, every day of delay is disastrous for Petitioner.[2]

Second, there is good cause for the failure to exhaust: the potential remedy did not exist

until after the *habeas corpus* petition was filed and did not purport to provide the *habeas* relief to

which Petitioner was entitled at the time the *habeas* action was filed.  In *Pace*, the Court noted

that potential confusion regarding state remedies required equitable protections. 544 U.S. at 416.

Those complexities are nothing compared to what Guantanamo detainees face.  The questions

left open in the Supreme Court's decision in *Rasul v. Bush*, 542 U.S. 466 (2004), which

established a right to proceed under 28 U.S.C.  § 2241 at the time Petitioner submitted his *habeas*

petition, and the subsequent enactment of the DTA and Military Commission Act of 2006, Pub.

L. No. 109-366, 120 Stat. 2600 (the "MCA"), have resulted in major complexities.  Petitioner,

from another country, speaking another language than his native tongue, did not even have the

potential DTA remedy prior to enactment of the MCA in October 2006 because, as the Supreme

Court held, the DTA did not apply retrospectively to *habeas corpus* petitions filed prior to the

effective date of the statute.  *Hamdan v. Rumsfeld*, 126 S. Ct. 2749, 2762-69 (2006).  Because of

---

[2]In *Rhines*, three Justices concurred, stating that stay-and-abey is required in the absence of proof of "intentionally dilatory litigation tactics." 544 U.S. at 279 (Stevens, J., concurring, joined by Justices Ginsburg and Breyer).

continuing uncertainty about the constitutionality of the MCA, Petitioner had excellent reasons

for not initiating the DTA procedures until the denial of certiorari in *Boumediene*.

Third, the claims raised in this Court and in the DTA petition are meritorious, raising

fundamental questions regarding the lawfulness of the process followed by Respondents and the

validity of Respondents' determination that Petitioner was an enemy combatant.  In the event the

case is remanded, or if the DTA procedures prove an inadequate substitute for constitutionally-

required *habeas corpus* procedures, this Court should be in position to proceed immediately on

the issues raised in Petitioner's *habeas corpus* petition.

**B.      Maintenance Of The Status Quo Is Necessary For Adequate Exhaustion Of
The DTA Proceedings In The Court Of Appeals.**

As noted above, Respondents oppose the motion for a stay-and-abey order.  In the

statement accompanying the *Boumediene* order, two Justices stated, "Were the Government to

take additional steps to prejudice the position of petitioners in seeking review in this Court,

'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the

office and purposes of the writ of habeas corpus are not compromised.'" 2007 WL 957363

(statement of Justices Stevens and Kennedy respecting the denial of certiorari).[3]  Any

Government action to limit the current level of access by counsel to Petitioner, including

possible transfer to a third country without advance notice, could severely prejudice both the

DTA action and the *habeas* litigation.  Indeed, the prejudice in this case could be extreme: as set

out in the papers in support of his motion for a preliminary injunction, Petitioner could face

torture, and even death, if returned to his home country of Syria.  This Court should carefully

protect the status quo by granting the stay-and-abey order to assure that Petitioner is not

---

[3]Quoting *Padilla v. Hanft*, 547 U.S. 1062, 1064 (2006) (Kennedy, J., concurring in the
denial of certiorari).

prejudiced in his ability to litigate the DTA action and to preserve potential remedies before this Court.

The development of the necessary facts and the need for client consultation are basic to the attorney-client relationship. Under the ethical rules, the client must have the opportunity to advise the attorney of relevant facts, to provide direction in the litigation, and to participate in tactical and strategic decisions. To accomplish these ethical obligations under the circumstances of Guantanamo detention has been a challenge. Any disruption of the status quo would severely injure Petitioner's ability to litigate the DTA proceedings and to maintain his separate claims for relief that are pending before this Court. Further, counsel provides a life-line from despair that, if absent, will exacerbate the severe mental suffering with serious and potentially fatal consequences.

The denial of certiorari in *Boumediene* leaves unanswered predicate questions necessary to deciding the issues before this Court, including: Does the DTA provide a forum for resolving issues regarding unlawful detention coextensive with traditional *habeas corpus*? If not, has the writ been unconstitutionally suspended or eliminated? Is the government taking "additional steps to prejudice the position of petitioners in seeking review of this Court," and, if so, should this Court "act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised"? On the underlying questions regarding elimination of the writ of *habeas corpus*, because the constitutional question is contingent on the effectiveness of the DTA procedures, this Court has jurisdiction to determine its own jurisdiction. *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2155 (2006) (a federal court's adjudicatory authority includes "its authority to determine its own jurisdiction"); *see also Ex parte Milligan*, 71 U.S. 2, 118, 131 (1866) (Court reviewed the underlying facts to determine that the predicates for military

jurisdiction were lacking and granted writ of *habeas corpus*). The Court has insufficient

information to answer a number of questions the DTA proceedings will answer.  Further, if this

Court eventually reaches the jurisdictional and constitutional questions, and rules adversely to

Petitioner, the Court must provide an adequate record for appellate and Supreme Court review,

which requires that the present case remain in place until after Petitioner has exhausted the DTA

procedures.  During that process, the Government should be foreclosed from prejudicing

Petitioner's ability to litigate – at the District Court or Circuit Court level – these questions of

obvious and historical importance.

### Conclusion

For the foregoing reasons, Petitioner respectfully submits that this Court should enter an

order preserving the status quo by continuing its stay of litigation going to the merits of the

pending petition for a writ of *habeas corpus* and holding such litigation in abeyance pending the

outcome of the Petitioner's petition under the DTA.


Respectfully submitted,

GARVEY SCHUBERT BARER


By /s/ Robert C. Weaver
    Robert C. Weaver, Jr. OSB #80135
    Samuel C. Kauffman, OSB #94352
    GARVEY SCHUBERT BARER
    Eleventh Floor
    121 SW Morrison St.
    Portland, OR 97204
    Tel: (503) 228-3939
    Fax: (503) 226-0259

By /s/ Eldon V.C. Greenberg
    Eldon V.C. Greenberg
    D.C. Bar #159558
    GARVEY SCHUBERT BARER
    Fifth Floor
    1000 Potomac Street, N.W.
    Washington, DC 20007
    Tel: (202) 965-7880
    Fax: (202) 965-1729

    Attorneys for Petitioner

Dated: April 11, 2007